·Townsend *v.* Read.

PETER TOWNSEND, Respondent, *against* CASSIUS H. READ *et al.*, Appellants.

(Decided May 15th, 1885).

In an action by an assignee of a lease to recover an installment of rent due under the lease before the assignment, defendant cannot interpose as a defense an alleged merger by reason of the assignment which was available as a defense to a prior action for earlier installments of rent under the same lease, in which action the assignee was substituted as plaintiff, but in which such defense was not set up, and defendant permitted a recovery by plaintiff.

The right to recover under a sub-lease, rent due and payable in advance on a certain day, is not affected by a technical merger, during the portion of the term for which such rent is payable, of the estate of the landlord named in the lease in that of the landlord in chief.

APPEAL from a judgment of this court entered upon the verdict of a jury rendered by direction of the court.

The action was brought to recover the sum of $525 and interest, rent due December 1st, 1882, in advance, on a lease of premises known as No. 129 Fifth Avenue, in the City of New York, made by Mary A. Kieff to L. C. Cocks for a term of eight months from September 1st, 1882. The lease was assigned to plaintiff on December 14th, 1882. It was contended by defendants, who were sureties of L. C. Cocks on the lease, that their liability ceased on such assignment because Mary A. Kieff was tenant of plaintiff of the same premises which she thus underlet to L. C. Cocks, and a merger of her term was effected by the assignment. On the other side it was argued that such defense was barred by a prior judgment obtained by this plaintiff against these defendants for the rent falling due under the same lease on the first day of October and the first day of November, 1882. Suits for such prior rent were commenced in October and November, 1882, respectively, by Mary A. Kieff against the defendants, and were consolidated by order on November

23d, 1882. The action so consolidated was referred to a referee to hear and determine on February 8th, 1883. On May 16th, 1883, while it was pending, the defendants obtained an order substituting this plaintiff, Peter Townsend, as plaintiff in that action in place of Mary A. Kieff, on showing the assignment of the lease to him made on December 14th, 1882. On August 13th, 1883, the referee reported in favor of plaintiff, and judgment was entered thereon August 27th, 1883.

At the trial of this action the jury, by direction of the court, found a verdict for plaintiff, and judgment for plaintiff was entered on the verdict. From the judgment defendants appealed.

*Christopher Fine*, for appellants.

*I. T. Williams*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The plaintiff's right to recover the rent sued for in this action, namely, $525, due on December 1st, 1882, in advance, rests upon the same foundation as his right to recover the rent due October 1st, and November 1st, 1882. All this rent was due and payable before the assignment of December 14th, 1883, to him, and the alleged defense of merger was therefore barred by the judgment recovered by plaintiff for the rent of October and November. All defenses to the December rent were available against the prior two months' rent, and when the defendants permitted a recovery by the assignee (this plaintiff) for the latter, without seeking to set up their defense when he was substituted as plaintiff at their request, they lost the right to urge it against his recovering for any rent falling due before the assignment.

But the defense is not good considered on its merits. The rent here sued for was due and payable in advance on December 1st, 1882, and a subsequent technical merger would not affect the right of recovery. Even eviction be-

fore the period for which it was payable would not be a defense (*Giles* v. *Comstock*, 4 N. Y. 270).

It is claimed that as the parties had stipulated that certain evidence might be read on this trial, defendants ought to have been permitted to put in such evidence, notwithstanding it appeared that plaintiff had recovered judgment against them for the rent of the two prior months. This position is untenable. The judgment was conclusive evidence of the right of plaintiff to recover in this action (*Krekeler* v. *Ritter*, 62 N. Y. 373), and the evidence offered by defendants was immaterial in view of that fact.

It is claimed that there was no proof of the lessee's default. This objection seems to be now raised for the first time in the action. It should have been raised on the trial, so that the plaintiff could have offered evidence on the point. Not having been so raised it must be deemed to have been waived.

The judgment should be affirmed, with costs.

ALLEN, J. concurred.

Judgment affirmed, with costs.